## SUPREME COURT.

THE DEPOSIT NATIONAL BANK, plaintiff, agt. DECKER C. WICKHAM and others, defendants.

A *watch* is property liable to execution.

A judgment debtor in proceedings supplementary to execution, while the order is in force, has no right to violate it by transferring his property to employ an attorney for him in such proceedings. The creditors lien is prior to the attorneys.

*Second Judicial Department, General Term, February,* 1873.

THE proceeding was for contempt by a judgment debtor, in violating the injunction usually embodied in an order for examination in supplementary proceedings.

On the day of the examination before a referee, the defendant, as he afterwards testified, "paid out his watch, for $200, to D. D. McKoon & G. O. Hulse, his attorneys," and as it was claimed, he was required by them to do, before they would "do anything for him;" that is, having done some business for defendant without being sufficiently remunerated, they refused to appear for him in the supplementary proceedings, unless he gave them this watch on account, or as pay. In the proceedings to punish for contempt before the county judge, the defendant's attorneys claimed that defendant had a right thus to employ an attorney, The defendant was adjudged guilty of contempt, by Hon. S. W Fullerton, county judge of Orange county, and fined one hundred dollars, from which order defendant appealed to the general term of the supreme court, where the order was affirmed in the second department, in February last.

The decision settles two points.   1st That a watch is liable to execution.

2d That a debtor while the order is in force, has no right to violate it by transferring his property to employ an attorney, a creditor's lien being prior to the attorney's.

W. J. GROO & HENRY W. WIGGINS, *for plaintiff.*
D. D. McKOON & G. O. HULSE, *for defendant.*

*By the court,* TAPPEN, J.—The defendant, a judgment debtor, owned a gold watch of considerable value, and while under supplementary proceedings, by the order commencing which, he was restrained from disposing of his property, he handed his watch to his attorney; for this he was adjudged guilty of contempt and directed to be imprisoned. It is not contended that the watch was exempt, as an article of property necessary to the defendant's use in his vocation. The commission of appeals held, in *Lynch* agt. *Johnson* (4 *Alb. L. J..* 243), that the service of the order for examination under secs. 292–294 of the Code, gives the judgment creditor a lien upon the property of the debtor. In this case, the creditor's lien is prior to that of the attorney, who took the watch, in pay for service to be rendered. The defendant's contempt was in this—he had property liable to execution, he voluntarily parted with it in defiance of the order of the court, and apparently for the express purpose of putting the property beyond the creditor's reach.

The Code has abolished creditor's bills so called, and substituted the remedy which the plaintiff resorted to. The authority of the court was then set in motion, and the defendant's voluntary disobedience makes him amenable in the only way by which such violation can be punished, and the process of the court enforced.

The order of the county court should be affirmed with $10 costs.

J. F. BARNARD, J., concurring.